UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARIA VALDOVINES,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security<br>Administration,<br><br>　　　Defendant. | No. CV-11-5020-RHW<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are cross-Motions for Summary Judgment, ECF Nos. 13, 16. David L. Lybbert represents Plaintiff Maria Valdovines. Special Assistant United States Attorney Stephanie Kiley represents the Defendant Commissioner of Social Security. Plaintiff brings this action seeking judicial review of the final decision of the Secretary denying her application for benefits under Title II of the Social Security Act. After reviewing the administrative record and briefs filed by the parties, the Court is fully informed. For the reasons set forth below, the Court **grants** Plaintiff's Motion for Summary Judgment, and remands the matter to the Commissioner for additional proceedings per 42 U.S.C. § 405(g).

## I.     Jurisdiction

On September 7, 2006, Plaintiff filed an application for Disability Insurance Benefits ("DIB"). Tr. 130, 159. Plaintiff alleged disability beginning on January 1, 2001, due to back pain and depression. Tr. 163. After benefits were denied initially

**ORDER GRANTING PL.'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEF.'S MOTION FOR SUMMARY JUDGMENT * 1**

and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). Tr. 9. A hearing was held on June 15, 2009. Tr. 33-49. Plaintiff appeared with counsel and testified by video. *Id.* Gary Jeske, a Vocational Expert ("VE") testified, while ALJ Richard Say presided over the hearing. *Id.*

In a decision dated June 24, 2009, The ALJ denied Plaintiff DIB benefits, finding she was not disabled under the Act. Tr. 97-104. Thereafter, the Appeals Council denied Plaintiff's request for review, which made the ALJ's decision the Commissioner's final decision. Tr. 1-4. Thus, the Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

## II.  Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(b), 416.920(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. 20 C.F.R. §§ 404.1574, 416.972; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is

**ORDER GRANTING PL.'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEF.'S MOTION FOR SUMMARY JUDGMENT \* 2**

engaged in substantial activity, benefits are denied. 20 C.F.R. §§ 404.1571, 416.920(b). If he is not, the ALJ proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. §§ 404.1508-09, 416.908-09. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Step 4: Does the impairment prevent the claimant from performing work he has performed in the past? 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is able to perform his previous work, he is not disabled. *Id.* If the claimant cannot perform this work, proceed to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of his age, education, and work experience? 20 C.F.R. §§ 404.1520(f), 416.920(f).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. *Id*. At step

**ORDER GRANTING PL.'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEF.'S MOTION FOR SUMMARY JUDGMENT \* 3**

five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III. Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate non-disability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

### IV. Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings, and only briefly summarized here. Plaintiff was born in 1956. Tr. 130. She alleged disability at age 44, and was age 52 on the date of the hearing. *Id.* Plaintiff attended school through at least the fourth grade in Mexico, and is unable to speak or read

**ORDER GRANTING PL.'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEF.'S MOTION FOR SUMMARY JUDGMENT \* 4**

English. Tr. 46. Plaintiff lives in Pasco, Washington, and worked as a laborer. Tr. 164. Her job title was agricultural sorter and involved lifting and carrying items and boxes of product. *Id.* On June 22, 1999, Plaintiff injured her back while working as a product inspector at J.R. Simplot. Tr. 253, 254, 275. Plaintiff reported that while assembling boxes, she bent over, and, after standing up experienced severe pain in her lower back. Tr. 360. Plaintiff eventually returned to her job performing less strenuous work, but was laid-off in December of 1999.

As a result of her injury, Plaintiff was diagnosed with lumbosacral strain, although a later MRI found preexisting and unrelated mild degenerative disk disease. Tr. 364. Plaintiff was treated with chiropractic care, physical therapy, and seen for mental health issues. Tr. 353. On December 6, 2001, Andrew Whitmont, Ph.D., diagnosed Plaintiff with pain disorder associated with both psychological factors and a general medical condition. Tr. 289. Plaintiff was assessed a GAF score of 55, indicating moderate impairment. Tr. 290.

On March 28, 2002, Thomas Dillon, M.D., prepared a report at the request of Plaintiff's attorney. Tr. 336-42. He diagnosed Plaintiff with depression NOS and pain disorder associated with both psychological factors and a general medical condition. Tr. 341. Dr. Dillon assessed Plaintiff a GAF score of 55-60. Drs. Dillon and Whitmont both opined that the depression and the pain disorder were related to Plaintiff's industrial accident that occurred on June 22, 1999. Dr. Dillon continued to treat Plaintiff from October 8, 2002 to July 28, 2006. Tr. 470-506. Plaintiff was also treated for anxiety and depression by her family physician Alex Najera, M.D., from February of 2004 through November of 2006. Tr. 483, 548-54. Dr. Najera prescribed Plaintiff Xanax and then Effexor. *Id.*

Plaintiff also had four independent medical evaluations related to her worker's compensation claim spanning from the date of her injury through July 16,

**ORDER GRANTING PL.'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEF.'S MOTION FOR SUMMARY JUDGMENT \* 5**

2002, which included physical and psychiatric examinations. Tr. 252-63, 264-70, 271-79, and 352-70.

## V.    The ALJ's Finding

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from her alleged onset date of January 1, 2001, through her date of last insured on March 31, 2005. Tr. 27.

At step two, the ALJ found that Plaintiff's degenerative disc disease of the lumbar spine was a "severe" impairment. *Id.* (citing 20 C.F.R. § 404.1520(c)). However, the ALJ found that Plaintiff's medically determinable somatoform disorder was not severe, as it did not cause more than minimal limitations in Plaintiff's ability to perform basic mental work activities. Tr. 27-28.

At step three, the ALJ found that Plaintiff's impairment did not meet or equal a listed impairment, as her degenerative disc disease was not of sufficient severity to meet or equal a listed impairment. Tr. 29.

At step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined by 20 C.F.R. § 404.1567(b), except she was limited to occasional stooping, crouching, and crawling and could not climb ladders, ropes, or scaffolds. Tr. 29. The ALJ also found that Plaintiff was unable to drive and could not work around concentrated exposure to vibration. *Id.* As such, Plaintiff was capable of performing her past relevant work as an agricultural sorter and she was not disabled under the Act. Tr. 31. Thus, her application for benefits was denied. Tr. 32.

## VI.    Issues for Review

The issues before the Court are whether the final decision of the Commissioner was supported by substantial evidence, and whether the correct legal standard was applied in reaching this decision. Plaintiff alleges the ALJ erred at steps two and four of the sequential evaluation. Specifically, she contends the

**ORDER GRANTING PL.'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEF.'S MOTION FOR SUMMARY JUDGMENT \* 6**

ALJ committed the following errors: (1) disregarded her mental limitations, and found them to be non-severe; (2) dismissed opinions by treating chiropractors; (3) failed to make a proper credibility finding, and (4) failed to properly assess her residual functional limitations. Defendant maintains that substantial evidence of the record supports the ALJ's decision and it is free of legal error.

## VII.  Discussion

Plaintiff argues the ALJ improperly evaluated her mental impairments. ECF No. 14 at 13. Plaintiff contends that while the ALJ recognized her somatoform disorder, he erred in finding that it did not cause more than minimal limitation and was not severe. Tr. 27. Specifically, she argues the ALJ failed to address her diagnosis of depression at step two, and did not consider any medical evidence beyond 2002. Tr. 12-14. Plaintiff also asserts the ALJ did not properly consider the opinions of Thomas Dillon, M.D., Plaintiff's treating psychiatrist. Dr. Dillon diagnosed Plaintiff with depression on March 28, 2002. Tr. 336. Plaintiff also submitted Dr. Dillon's additional Physician's Statement dated June 23, 2009, which was not considered by the ALJ in his written decision, or by the Appeals Council. ECF No. 18-3 at 2-5. Plaintiff further argues the ALJ ignored the opinions of her treating chiropractors. ECF No. 14 at 13. Plaintiff also challenges the ALJ's credibility determinations.

Defendant responds that any error by the ALJ was harmless. Defendant argues that because the ALJ found at least one severe impairment, and continued through the sequential evaluation, there is no reversible error. ECF No. 17 at 8. Defendant submits the ALJ gave specific and legitimate reasons for discounting Dr. Dillon's 2002 opinions. Defendant also argues that Dr. Dillon's June 2009 opinion should be disregarded as untimely, as Plaintiff has not met the good cause requirement. *Id.* at 10. Defendant asserts that the ALJ properly considered the

**ORDER GRANTING PL.'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEF.'S MOTION FOR SUMMARY JUDGMENT \* 7**

opinions of Plaintiff's chiropractors, reasonably assessed her credibility, and that substantial evidence supported the ALJ's RFC finding. *Id.* at 15-18.

### A. Step Two Findings – Severe Impairments

At step two of the sequential evaluation, the ALJ determines whether a claimant suffers from a "severe" impairment, i.e., one that significantly limits his physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). To satisfy step two's requirement of a severe impairment, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings. The fact that a medically determinable condition exists does not automatically mean the symptoms are "severe," or "disabling" as defined by the Social Security regulations. *See, e.g., Edlund v. Massanari,* 253 F.3d 1152, 1157–58 (9th Cir. 2001). Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of pain. *Bunnell v. Sullivan,* 947 F.2d 341, 345 (9th Cir. 1991) (en banc).

The Commissioner has passed regulations which guide dismissal of claims at step two. Those regulations state that an impairment may be found to be not severe only when evidence establishes a "slight abnormality" on an individual's ability to work. *Yuckert v. Bowen,* 841 F.2d 303, 306 (9th Cir. 1988) (*citing* Social Security Ruling ("SSR") 85-28). The step two inquiry is best characterized as a *de minimis* screening device to dispose of groundless or frivolous claims. *Bowen v. Yuckert,* 482 U.S. 137, 153-154 (1987). A mental impairment generally is considered non-severe for purposes of step two if the degree of limitation in the three functional areas of activities of daily living, social functioning, and concentration, persistence or pace is rated as "none" or "mild" and there have been no episodes of decompensation. 20 C.F.R. §§ 404.1520a (d)(1), 416. 920a (d)(1).

Objective medical evidence alone is evaluated in assessing severity. *Webb v.*

ORDER GRANTING PL.'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEF.'S MOTION FOR SUMMARY JUDGMENT * 8

*Barnhart,* 433 F.3d 683 (9th Cir. 2005). "The severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs." *Id.*

Even if an impairment is considered non-severe, in determining a claimant's residual functional capacity, the ALJ must consider the limiting effects of all of the claimant's impairments. 20 C.F.R. § 416.945(e); SSR 96–8P.

### 1. The ALJ's Evaluation of Plaintiff's Mental Health Impairments

Here, the ALJ recognized only Plaintiff's somatoform disorder and found that it did not cause more than minimal limitation in her ability to perform basic mental work activities; thus, it was not severe. Tr. 27. In reaching this conclusion, the ALJ gave the March 2002 opinion of Plaintiff's treating psychiatrist Dr. Dillon little weight. Tr. 28. As the ALJ noted in his findings, Dr. Dillon diagnosed Plaintiff with depression and pain disorder and assessed her a GAF score of 55-60[1]. *Id.* Dr. Dillon also "opined that [Plaintiff] had marked deficiencies of concentration, persistence or pace and that she had experience[d] three episodes of decompensation of at least two weeks of duration. *Id.* The ALJ went on to erroneously state that Plaintiff "did not require any mental health treatment through her date of last insured" which he determined to be March 31, 2005. Tr. 27-28.

Instead, the ALJ relied on the April 16, 2002, psychological evaluation prepared by examining psychologist Philip G. Barnard, Ph.D. Tr. 28. Dr. Barnard opined there was no significant evidence of a mental disorder. Tr. 347-51. The Plaintiff was assessed a GAF score of 80. Tr. 351. Dr. Barnard disagreed with Drs.

---

[1] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

**ORDER GRANTING PL.'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEF.'S MOTION FOR SUMMARY JUDGMENT \* 9**

Dillon and Whitmont's[2] opinion that Plaintiff's mental disorder was causally related to her workplace injury. *Id.*

In further rejecting Dr. Dillon's opinion, the ALJ cited another psychiatric evaluation completed as part of an independent medical evaluation conducted on July 16, 2002. Tr. 366. This report was part of an additional evaluation related to Plaintiff's worker's compensation claim. *Id.* Psychiatrist David Bot, M.D., examined Plaintiff and authored the mental health portion of the report. *Id.* Dr. Bot diagnosed Plaintiff with pain disorder and probable embellishment of symptomatology consistent with partial malingering. Tr. 369. He assessed her a GAF score of 70-71 (mild to expectable symptoms). However, Dr. Bot also opined that Plaintiff's paid disorder was "causally related to her industrial injury" and recommended continued psychiatric therapy. *Id.* The ALJ then evaluated Plaintiff's "paragraph B" Criteria and found only mild limitation in the first three categories, and no episodes of decompensation in the fourth. Tr. 28; *See* 20 C.F.R. Part 404, Subpt. P, App. 1. § 12.00 Mental Disorders (discussing paragraph B criteria and assessment of severity of mental health disorders).

In reaching his opinion regarding the severity of Plaintiff's mental health impairments, the Court finds that the ALJ erred. The ALJ has a duty to consider the entire record, and failed do so in this case regarding Plaintiff's depression and pain disorder. *See Penny v. Sullivan,* 2 F.3d 953, 956 (9th Cir.1993) (finding the ALJ erred by ignoring substantial evidence on the overall record"). The ALJ's duty, even if a claimant is represented by counsel, is to "scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts" and be "especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." *Vidal v. Harris,* 637 F.2d 711, 713 (9th Cir.1981).

---

[2] Dr. Whitmont (cited incorrectly by the ALJ as "Whitman") examined Plaintiff in November of 2001 and initially diagnosed her with pain disorder. Tr. 285-90.

**ORDER GRANTING PL.'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEF.'S MOTION FOR SUMMARY JUDGMENT \* 10**

Therefore, the ALJ's statement that Plaintiff did not require any mental health treatment through her date of last insured, ignores substantial evidence in the record supporting the severity of her pain disorder and depression. Tr. 28. Similarly, while acknowledging the depression and anxiety treated by Dr. Najera, the ALJ stated "there is no evidence of further complaints of mental symptoms until August of 2006. These conclusions were not supported by substantial evidence in the record.

A cursory examination of the record reveals that Plaintiff was seen by Dr. Dillon from 2002-2006, and treated for both depression and pain disorder. As revealed by Dr. Dillon's notes, Plaintiff continuously sought treatment from October 8, 2002, beyond her date of last insured in March of 2005, and into 2006. Tr. 470-506. In fact, on March 2, 2005, Dr. Dillon wrote that "because of significant residual symptoms" he felt that a Category 2 permanent partial mental health impairment was appropriate. Tr. 490. In addition, Plaintiff sought treatment from her family physician Alex Najera, M.D., from February of 2004 through November of 2006. Tr. 483, 548-54. Plaintiff alleged disability beginning on January 1, 2001, yet the ALJ failed to address any evidence supporting the severity of Plaintiff's mental health impairments beyond July of 2002.

The instant record reflects that Plaintiff's mental impairments could prevent a person from engaging in unskilled labor. Tr. 470-506; *see also* SSR 85-28 at *2 (suggesting "the severity regulation is to do no more than allow the Secretary to deny benefits summarily to those applicants with impairments of a minimal nature which could never prevent a person from working") (internal citation omitted). The ALJ's basis for finding Plaintiff's mental impairments not severe at step two is not supported by the record. Accordingly, the Court concludes that the ALJ erred when he found Plaintiff's pain disorder and depression not severe.

**ORDER GRANTING PL.'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEF.'S MOTION FOR SUMMARY JUDGMENT * 11**

### 2. Dr. Dillon's 2009 Physician's Statement

Plaintiff seeks to submit for consideration the supplemental Physician's Statement of Dr. Dillon, dated June 19, 2009, ECF No. 14-1. The ALJ conducted a hearing in this matter on June 15, 2009. Tr. 33. During the hearing, Plaintiff's representative specifically asked that the record be left open to accommodate Dr. Dillon's statement regarding her mental health limitations. Tr. 48. On June 23, 2009, Plaintiff's representative submitted Dr. Dillon's statement to the Office of Disability Adjudication and Review. *See* Lybbert Aff., ECF No. 18-1; Ex. 3, ECF No. 18-3. The ALJ's written decision was dated June 24, 2009. Tr. 25. Therefore, neither the ALJ, nor the Appeals Council reviewed Dr. Dillon's statement. Tr. 1-5, 25-32. In addition, although submitted only one day before the ALJ's written decision, the record reveals that Plaintiff sought such information in May of 2009, well before the date of the actual hearing. Ex. 2, ECF No. 18-2.

Defendant argues that Plaintiff has failed to request remand pursuant to "sentence six" of 42 U.S.C. § 405(g), or shown good cause for the delay in producing such information. ECF No. 17 at 35-37. "Sentence six" of § 405(g) provides that the Court may order additional evidence to be considered upon remand where new, material evidence is adduced, that was for good cause not presented before the agency. *See Shalala v. Schaefer*, 509 U.S. 292, 297 n.2 (1993). The Court is persuaded that such evidence is material and Plaintiff has met her burden in establishing good cause.

Dr. Dillon opined that Plaintiff's overall physical and mental condition would have precluded her from employment due to absenteeism and flare-ups of symptoms during the treatment period of 2002–2006. ECF No. 14-1. As Defendant correctly points out, Dr. Dillon's opinion that Plaintiff is "unable to work' is not a medical opinion, but is a vocational opinion reserved to the Commissioner. 20 C.F.R. § 404.1527(e). However, the Court disagrees that Dr. Dillon's opinion

**ORDER GRANTING PL.'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEF.'S MOTION FOR SUMMARY JUDGMENT \* 12**

would not be entitled to any special significance. As stated above, it would be entitled to controlling weight in the severity analysis and should have been considered by the ALJ, as Dr. Dillon treated Plaintiff for depression and pain disorder for over four years. *See Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1985) (stating the standards for rejection of a treating doctor's opinion). Furthermore, as the transcript of the hearing revealed, Plaintiff's mental health impairments, in combination with her physical impairments, were not addressed in the evaluation of her RFC. Tr. 47-48. Thus, upon remand, the ALJ is to consider the Physician's Statement of Dr. Dillon dated June 19, 2009, ECF No. 14-1.

### 3. Harmless Error

Defendant argues that the ALJ's multiple step two errors should not be cause for reversal because a severe impairment was found and the sequential evaluation continued. ECF No. 17 at 8.

An error may be considered harmless where the error "occurred during an unnecessary exercise or procedure;" is non-prejudicial to the Plaintiff; is considered irrelevant to the determination of non-disability; or if the reviewing court can "confidently conclude" that no reasonable ALJ could have reached a different disability determination if erroneously disregarded testimony was credited. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006).

In this case, the exclusion of the somatoform disorder and depression from the step two findings resulted in prejudice to Plaintiff because symptoms and non-exertional limitations caused by these impairments were not considered throughout the sequential evaluation process. Specifically, Plaintiff's mental state was not adequately evaluated regarding her mental limitations caused by depression and pain disorder. These limitations were neither discussed nor considered in combination with Plaintiff's physical impairments. *See* SSR 85-28 at *3 (noting the

**ORDER GRANTING PL.'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEF.'S MOTION FOR SUMMARY JUDGMENT \* 13**

ALJ's duty to consider "the possibility of several such impairments combining to produce a severe impairment").

These omissions necessarily prejudiced Plaintiff at step four because neither the RFC assessment nor the vocational expert testimony contemplated non-exertional limitations caused by these two medically established impairments. *Embrey v. Bowen,* 849 F.2d 418, 423 (9th Cir.1988); *DeLorme v. Sullivan,* 924 F.2d 841, 850 (9th Cir.1990) (failure to include all limitations in hypothetical renders VE testimony unsupported by substantial evidence).

This court cannot conclude that an ALJ, once these errors are corrected, will find Plaintiff not disabled. Hence, the errors are not harmless and remand is required. *See Stout,* 454 F.3d at 1056.

**B.    Step Four Findings Regarding Physical Limitations**

Additionally, the Plaintiff asserts that the ALJ erred in rejecting the opinions of Plaintiff's chiropractors and in the assessment of her credibility and RFC determinations regarding her physical limitations. ECF No. 14 at 15-21.

First, even assuming the reports of Drs. Kenneth Peterson, D.C., Gregory Oberg, D.C., and Luis M. Nicacio, D.C., were improperly rejected, the Court agrees that their assessments involve vocational issues, which are the province of the ALJ because an ultimate finding of disability is reserved for the Commissioner. *See* 20 C.F.R. § 404.1527(e). Likewise, the final RFC determination is the responsibility solely of the ALJ, and is based on medical and vocational factors in the entire record, as well as the ALJ's credibility determination. Because further proceedings will require the evaluation of additional evidence and a re-evaluation of the entire record, including Plaintiff's credibility, these assertions need not be addressed at this time.

///

///

**ORDER GRANTING PL.'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEF.'S MOTION FOR SUMMARY JUDGMENT * 14**

### C. Remand

Where an ALJ's determination is not supported by substantial evidence or is tainted by legal error, the Court may remand a case for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart,* 379 F.3d 587, 593 (9th Cir. 2004). Here, enhancement of the record is necessary to resolve outstanding issues (at steps 2, 4, and possibly 5) that must be resolved before a determination of disability can be made. The Court cannot make findings regarding Plaintiff's mental impairments or limitations caused by somatoform disorder or depression in combination with her degenerative disc disease. Further, additional vocational expert testimony will be required at step four and possibly step five to determine if there is work Plaintiff can perform with limitations supported by the record.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, ECF No. 13 is **GRANTED**. This matter is remanded to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g), for consideration of Plaintiff's mental health impairments and re-evaluation of the evidence as directed above.

2. Defendant's Motion for Summary Judgment, ECF No. 16 is **DENIED.**

3. Application for attorney's fees may be filed by separate motion.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel. Judgment shall be entered for Plaintiff, and the file shall be **CLOSED**.

**DATED** this 7th day of February, 2013.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

ORDER GRANTING PL.'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEF.'S MOTION FOR SUMMARY JUDGMENT * 15

q:\rhw\acivil\2011\valdovines\order.summ.j.docx